# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| LUIS ANGEL ALVAREZ ROMAN, | ) | CASE NO.: 1:23-CV-02348 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| v. | ) | |
| | ) | **DEFENDANTS' ANSWER TO** |
| CITY OF LORAIN, OHIO, et al., | ) | **PLAINTIFF'S AMENDED COMPLAINT** |
| | ) | |
| Defendants. | ) | |

Now come Defendants, Lorain County and Phil R. Stammitti, by and through undersigned counsel, and for their Answer to Plaintiff's Complaint, hereby state as follows:

1. In response to Paragraphs 1 of Plaintiff's Amended Complaint, these Defendants admit that Plaintiff was incarcerated in Lorain County Jail. Further answering Paragraph 1 of Plaintiff's Complaint these Defendants deny all remaining allegations contained therein.

2. Answering Paragraph 2 of Plaintiff's Complaint, these Defendants admit that Plaintiff alleges claims under 42 U.S.C. 1983 and R.C. 2921.45. Further answering Paragraph 2 of Plaintiff's Complaint these Defendants deny all remaining allegations not specifically admitted herein and deny any liability.

3. Answering Paragraph 3 of Plaintiff's Amended Complaint, these Defendants admit that this Court has jurisdiction over this matter.

4. Answering Paragraph 4 of Plaintiff's Amended Complaint, these Defendants deny the allegations contained in Paragraph 4 of Plaintiff's Amended Complaint.

5. Answering Paragraph 5 of Plaintiff's Complaint these Defendants admit that Plaintiff is seeking declaratory, injunctive and equitable relief; however, further answering Paragraph 5, these Defendants deny that Plaintiff is entitled to any relief against these Defendants.

6. Answering Paragraph 6 of Plaintiff's Complaint, these Defendants deny that Plaintiff is entitled to attorney's fees, and deny the factual allegations contained in Paragraph 6 of Plaintiff's Complaint to the extent that they deviate from clearly established law.

7. Answering the allegations in Paragraph 7 of Plaintiff's Amended Complaint, these Defendants admit that Venue is proper in this forum.

8. Answering the allegations in Paragraph 8 of Plaintiff's Amended Complaint, these Defendants, lack the information or belief sufficient to form a basis as to the truth of the allegations contained therein, and therefore deny all allegations contained in Paragraph 8 of Plaintiff's Amended Complaint.

9. Answering the allegations in Paragraph 9 of Plaintiff's Amended Complaint, these Defendants admit, upon information and belief, that Plaintiff was arrested and that the City of Lorain is a public entity. Further answering, these Defendants deny each and every and all allegations contained in Paragraph 9 of Plaintiff's Amended Complaint not specifically admitted herein..

10. Answering the allegations in Paragraph 10 of Plaintiff's Amended Complaint, these Defendants admit, upon information and belief, that James P. McCann was Chief of the Lorain Police Department but deny each and every and all allegations contained in Paragraph 10 of Plaintiff's Amended Complaint not specifically admitted herein for want of knowledge.

11. Answering the allegations in Paragraph 11 of Plaintiff's Amended Complaint, these Defendants admit, that Lorain County, Ohio is the governmental entity responsible for the Lorain County Sheriff's Office and that Defendant Phil Stammitti is the Lorain County Sheriff, and at all times relevant was acting under the color of state law in executing his duties as the Sheriff. Further

answering, the Defendants deny each and every and all allegations contained in Paragraph 11 of Plaintiff's Amended Complaint not specifically admitted herein.

12. Answering the allegations in Paragraph 12 of Plaintiff's Amended Complaint, these Defendants admit that Defendant Phil Stammitti is the Lorain County Sheriff and has policy making authority for the Sheriff's Department but deny each and every and all allegations contained in Paragraph 12 of Plaintiff's Complaint not specifically admitted herein.

13. Answering the allegations in Paragraph 13 of Plaintiff's Amended Complaint, these Defendants admit, upon information and belief, that Marcus Rivera is a Patrol Officer in the City of Lorain Police Department but deny each and every and all allegations contained in Paragraph 13 of Plaintiff's Amended Complaint not specifically admitted herein for want of knowledge.

14. Answering the allegations in Paragraph 14 of Plaintiff's Amended Complaint, these Defendants admit, upon information and belief, that Christopher Colon is a Patrol Officer in the City of Lorain Police Department but deny each and every and all allegations contained in Paragraph 14 not specifically admitted herein for want of knowledge.

15. Answering the allegations in Paragraph 15 of Plaintiff's Amended Complaint, these Defendants deny the allegations contained in Paragraph 15 of Plaintiff's Amended Complaint.

16. Answering the allegations in Paragraph 16 of Plaintiff's Amended Complaint, these Defendants admit, upon information and belief, the allegations contained in Paragraph 16 of Plaintiff's Amended Complaint.

17. Answering the allegations in Paragraph 17 of Plaintiff's Amended Complaint, these Defendants admit, upon information and belief, the allegations contained in Paragraph 17 of Plaintiff's Amended Complaint.

18. Answering the allegations in Paragraph 18 of Plaintiff's Amended Complaint, these Defendants, lack the information or belief sufficient to form a basis as to the truth of the allegations contained therein, and therefore deny all allegations contained in Paragraph 18 of Plaintiff's Amended Complaint.

19. Answering the allegations in Paragraph 19 of Plaintiff's Amended Complaint, these Defendants, lack the information or belief sufficient to form a basis as to the truth of the allegations contained therein, and therefore deny all allegations contained in Paragraph 19 of Plaintiff's Amended Complaint.

20. Answering the allegations in Paragraph 20 of Plaintiff's Amended Complaint, these Defendants, lack the information or belief sufficient to form a basis as to the truth of the allegations contained therein, and therefore deny all allegations contained in Paragraph 20 of Plaintiff's Amended Complaint.

21. Answering the allegations in Paragraph 21 of Plaintiff's Amended Complaint, these Defendants admit, upon information and belief, the allegations contained in Paragraph 21.

22. Answering the allegations in Paragraph 22 of Plaintiff's Amended Complaint, these Defendants, lack the information or belief sufficient to form a basis as to the truth of the allegations contained therein, and therefore deny all allegations contained in Paragraph 22 of Plaintiff's Amended Complaint.

23. Answering the allegations in Paragraph 23 of Plaintiff's Amended Complaint, these Defendants admit, upon information and belief, the allegations contained in Paragraph 23.

24. Answering the allegations in Paragraph 24 of Plaintiff's Amended Complaint, these Defendants admit, upon information and belief, the allegations contained in Paragraph 24.

25. Answering the allegations in Paragraph 25 of Plaintiff's Amended Complaint, these Defendants, lack the information or belief sufficient to form a basis as to the truth of the allegations contained therein, and therefore deny all allegations contained in Paragraph 25 of Plaintiff's Amended Complaint.

26. Answering the allegations in Paragraph 26 of Plaintiff's Amended Complaint, these Defendants, lack the information or belief sufficient to form a basis as to the truth of the allegations contained therein, and therefore deny all allegations contained in Paragraph 26 of Plaintiff's Amended Complaint.

27. Answering the allegations in Paragraph 27 of Plaintiff's Amended Complaint, these Defendants, lack the information or belief sufficient to form a basis as to the truth of the allegations contained therein, and therefore deny all allegations contained in Paragraph 27 of Plaintiff's Amended Complaint.

28. Answering the allegations in Paragraph 28 of Plaintiff's Amended Complaint, these Defendants admit, upon information and belief, the allegations contained in Paragraph 28.

29. Answering the allegations in Paragraph 29 of Plaintiff's Amended Complaint, these Defendants, lack the information or belief sufficient to form a basis as to the truth of the allegations contained therein, and therefore deny all allegations contained in Paragraph 29 of Plaintiff's Amended Complaint.

30. Answering the allegations in Paragraph 30 of Plaintiff's Amended Complaint, these Defendants, lack the information or belief sufficient to form a basis as to the truth of the allegations contained therein, and therefore deny all allegations contained in Paragraph 30 of Plaintiff's Amended Complaint.

31. Answering the allegations in Paragraph 31 of Plaintiff's Amended Complaint, these Defendants, lack the information or belief sufficient to form a basis as to the truth of the allegations contained therein, and therefore deny all allegations contained in Paragraph 31 of Plaintiff's Amended Complaint.

32. Answering the allegations in Paragraph 32 of Plaintiff's Amended Complaint, these Defendants, lack the information or belief sufficient to form a basis as to the truth of the allegations contained therein, and therefore deny all allegations contained in Paragraph 32 of Plaintiff's Amended Complaint.

33. Answering the allegations in Paragraph 33 of Plaintiff's Amended Complaint, these Defendants, lack the information or belief sufficient to form a basis as to the truth of the allegations contained therein, and therefore deny all allegations contained in Paragraph 33 of Plaintiff's Amended Complaint.

34. Answering the allegations in Paragraph 34 of Plaintiff's Amended Complaint, these Defendants, lack the information or belief sufficient to form a basis as to the truth of the allegations contained therein, and therefore deny all allegations contained in Paragraph 34 of Plaintiff's Amended Complaint.

35. Answering the allegations in Paragraph 35 of Plaintiff's Amended Complaint, these Defendants, lack the information or belief sufficient to form a basis as to the truth of the allegations contained therein, and therefore deny all allegations contained in Paragraph 35 of Plaintiff's Amended Complaint.

36. Answering the allegations in Paragraph 36 of Plaintiff's Amended Complaint, these Defendants, lack the information or belief sufficient to form a basis as to the truth of the allegations

Case: 1:23-cv-02348-PAG Doc #: 9 Filed: 02/09/24 7 of 16. PageID #: 54

contained therein, and therefore deny all allegations contained in Paragraph 36 of Plaintiff's Amended Complaint.

37. Answering the allegations in Paragraph 37 of Plaintiff's Amended Complaint, these Defendants, lack the information or belief sufficient to form a basis as to the truth of the allegations contained therein, and therefore deny all allegations contained in Paragraph 37 of Plaintiff's Amended Complaint.

38. Answering the allegations in Paragraph 38 of Plaintiff's Amended Complaint, these Defendants, lack the information or belief sufficient to form a basis as to the truth of the allegations contained therein, and therefore deny all allegations contained in Paragraph 38 of Plaintiff's Amended Complaint.

39. Answering the allegations in Paragraph 39 of Plaintiff's Amended Complaint, these Defendants admit, upon information and belief, that Plaintiff was criminally charged with an additional charge of rape but deny each and every and all allegations contained in Paragraph 39 of Plaintiff's Complaint not specifically admitted herein.

40. Answering the allegations in Paragraph 40 of Plaintiff's Amended Complaint, these Defendants, lack the information or belief sufficient to form a basis as to the truth of the allegations contained therein, and therefore deny all allegations contained in Paragraph 40 of Plaintiff's Amended Complaint.

41. Answering the allegations in Paragraph 41 of Plaintiff's Amended Complaint, these Defendants, lack the information or belief sufficient to form a basis as to the truth of the allegations contained therein, and therefore deny all allegations contained in Paragraph 41 of Plaintiff's Amended Complaint.

7

42. Answering the allegations in Paragraph 42 of Plaintiff's Amended Complaint, these Defendants, lack the information or belief sufficient to form a basis as to the truth of the allegations contained therein, and therefore deny all allegations contained in Paragraph 42 of Plaintiff's Amended Complaint.

43. Answering the allegations in Paragraph 43 of Plaintiff's Amended Complaint, these Defendants, lack the information or belief sufficient to form a basis as to the truth of the allegations contained therein, and therefore deny all allegations contained in Paragraph 43 of Plaintiff's Amended Complaint.

44. Answering the allegations in Paragraph 44 of Plaintiff's Amended Complaint, these Defendants, lack the information or belief sufficient to form a basis as to the truth of the allegations contained therein, and therefore deny all allegations contained in Paragraph 44 of Plaintiff's Amended Complaint.

45. Answering the allegations in Paragraph 45 of Plaintiff's Amended Complaint, these Defendants, lack the information or belief sufficient to form a basis as to the truth of the allegations contained therein, and therefore deny all allegations contained in Paragraph 45 of Plaintiff's Amended Complaint.

46. Answering the allegations in Paragraph 46 of Plaintiff's Amended Complaint, these Defendants deny the allegations contained in Paragraph 46 of Plaintiff's Amended Complaint.

47. Answering the allegations in Paragraph 47 of Plaintiff's Amended Complaint, these Defendants deny the allegations contained in Paragraph 47 of Plaintiff's Amended Complaint.

48. Answering the allegations in Paragraph 48 of Plaintiff's Amended Complaint, these Defendants, lack the information or belief sufficient to form a basis as to the truth of the allegations

contained therein, and therefore deny all allegations contained in Paragraph 48 of Plaintiff's Amended Complaint.

49. Answering the allegations in Paragraph 49 of Plaintiff's Amended Complaint, these Defendants, lack the information or belief sufficient to form a basis as to the truth of the allegations contained therein, and therefore deny all allegations contained in Paragraph 49 of Plaintiff's Amended Complaint.

50. Answering the allegations in Paragraph 50 of Plaintiff's Amended Complaint, these Defendants, lack the information or belief sufficient to form a basis as to the truth of the allegations contained therein, and therefore deny all allegations contained in Paragraph 50 of Plaintiff's Amended Complaint.

51. Answering the allegations in Paragraph 51 of Plaintiff's Amended Complaint, these Defendants admit that Plaintiff appeared in court on December 22, 2022, but deny each and every and all allegations contained in Paragraph 51 of Plaintiff's Complaint not specifically admitted herein for want of knowledge.

52. Answering the allegations in Paragraph 52 of Plaintiff's Amended Complaint, these Defendants, lack the information or belief sufficient to form a basis as to the truth of the allegations contained therein, and therefore deny all allegations contained in Paragraph 52 of Plaintiff's Amended Complaint.

53. Answering the allegations in Paragraph 53 of Plaintiff's Amended Complaint, these Defendants admit that Plaintiff was released from the Lorain County Jail on December 22, 2022, but deny each and every and all allegations contained in Paragraph 53 of Plaintiff's Complaint not specifically admitted herein.

54. Answering the allegations in Paragraph 54 of Plaintiff's Amended Complaint, these Defendants, lack the information or belief sufficient to form a basis as to the truth of the allegations contained therein, and therefore deny all allegations contained in Paragraph 54 of Plaintiff's Amended Complaint.

55. Answering the allegations in Paragraph 55 of Plaintiff's Amended Complaint, these Defendants, lack the information or belief sufficient to form a basis as to the truth of the allegations contained therein, and therefore deny all allegations contained in Paragraph 55 of Plaintiff's Amended Complaint.

56. Answering the allegations in Paragraph 56 of Plaintiff's Amended Complaint, these Defendants, lack the information or belief sufficient to form a basis as to the truth of the allegations contained therein, and therefore deny all allegations contained in Paragraph 56 of Plaintiff's Amended Complaint.

57. Answering the allegations in Paragraph 57 of Plaintiff's Amended Complaint, these Defendants, lack the information or belief sufficient to form a basis as to the truth of the allegations contained therein, and therefore deny all allegations contained in Paragraph 57 of Plaintiff's Amended Complaint.

58. Answering the allegations in Paragraph 58 of Plaintiff's Amended Complaint, these Defendants, lack the information or belief sufficient to form a basis as to the truth of the allegations contained therein, and therefore deny all allegations contained in Paragraph 58 of Plaintiff's Amended Complaint.

59. Answering the allegations in Paragraph 59 of Plaintiff's Amended Complaint, these Defendants, lack the information or belief sufficient to form a basis as to the truth of the allegations

contained therein, and therefore deny all allegations contained in Paragraph 59 of Plaintiff's Amended Complaint.

60. Answering the allegations in Paragraph 60 of Plaintiff's Amended Complaint, these Defendants, lack the information or belief sufficient to form a basis as to the truth of the allegations contained therein, and therefore deny all allegations contained in Paragraph 60 of Plaintiff's Amended Complaint.

61. Answering the allegations in Paragraph 61 of Plaintiff's Amended Complaint, these Defendants, lack the information or belief sufficient to form a basis as to the truth of the allegations contained therein, and therefore deny all allegations contained in Paragraph 61 of Plaintiff's Amended Complaint.

62. Answering the allegations in Paragraph 62 of Plaintiff's Amended Complaint, these Defendants, lack the information or belief sufficient to form a basis as to the truth of the allegations contained therein, and therefore deny all allegations contained in Paragraph 62 of Plaintiff's Amended Complaint.

63. Answering the allegations in Paragraph 63 of Plaintiff's Amended Complaint, these Defendants, lack the information or belief sufficient to form a basis as to the truth of the allegations contained therein, and therefore deny all allegations contained in Paragraph 63 of Plaintiff's Amended Complaint.

64. Answering the allegations in Paragraph 64 of Plaintiff's Amended Complaint, these Defendants, lack the information or belief sufficient to form a basis as to the truth of the allegations contained therein, and therefore deny all allegations contained in Paragraph 64 of Plaintiff's Amended Complaint.

65. Answering the allegations in Paragraph 65 of Plaintiff's Amended Complaint, these Defendants deny the allegations contained in Paragraph 65 of Plaintiff's Amended Complaint.

66. Answering the allegations in Paragraph 66 of Plaintiff's Amended Complaint, these Defendants deny the allegations contained in Paragraph 66 of Plaintiff's Amended Complaint.

67. Answering the allegations in Paragraph 67 of Plaintiff's Amended Complaint, these Defendants deny the allegations contained in Paragraph 67 of Plaintiff's Amended Complaint.

**First Count: False Arrest**

68. Answering the allegations in Paragraph 68 of Plaintiff's Amended Complaint, these Defendants reassert all admissions, denials and averments set forth in Paragraphs 1-67 of this Answer as if fully incorporated herein.

69. Answering the allegations in Paragraph 69 of Plaintiff's Amended Complaint, these Defendants, lack the information or belief sufficient to form a basis as to the truth of the allegations contained therein, and therefore deny all allegations contained in Paragraph 69 of Plaintiff's Amended Complaint.

70. Answering the allegations in Paragraph 70 of Plaintiff's Amended Complaint, these Defendants, lack the information or belief sufficient to form a basis as to the truth of the allegations contained therein, and therefore deny all allegations contained in Paragraph 70 of Plaintiff's Amended Complaint.

**Second Count: Malicious Prosecution**

71. Answering the allegations in Paragraph 71 of Plaintiff's Amended Complaint, these Defendants reassert all admissions, denials and averments set forth in Paragraphs 1-70 of this Answer as if fully incorporated herein.

72. Answering the allegations in Paragraph 72 of Plaintiff's Amended Complaint, these Defendants, lack the information or belief sufficient to form a basis as to the truth of the allegations contained therein, and therefore deny all allegations contained in Paragraph 72 of Plaintiff's Amended Complaint.

73. Answering the allegations in Paragraph 73 of Plaintiff's Amended Complaint, these Defendants, lack the information or belief sufficient to form a basis as to the truth of the allegations contained therein, and therefore deny all allegations contained in Paragraph 73 of Plaintiff's Amended Complaint.

### Third Count: Violation of Due Process

74. Answering the allegations in Paragraph 74 of Plaintiff's Amended Complaint, these Defendants reassert all admissions, denials and averments set forth in Paragraphs 1-73 of this Answer as if fully incorporated herein.

75. Answering the allegations in Paragraph 75 of Plaintiff's Amended Complaint, these Defendants deny the allegations contained in Paragraph 75 of Plaintiff's Amended Complaint.

76. Answering the allegations in Paragraph 76 of Plaintiff's Amended Complaint, these Defendants deny the allegations contained in Paragraph 76 of Plaintiff's Amended Complaint.

### Fourth Count: Civil Liability for Criminal Conduct

77. Answering the allegations in Paragraph 77 of Plaintiff's Amended Complaint, these Defendants reassert all admissions, denials and averments set forth in Paragraphs 1-76 of this Answer as if fully incorporated herein.

78. Answering the allegations in Paragraph 78 of Plaintiff's Amended Complaint, these Defendants deny the allegations contained in Paragraph 78 of Plaintiff's Amended Complaint.

79. These Defendants deny that Plaintiff is entitled to any of the relief sought in his Prayer for Relief.

## AFFIRMATIVE DEFENSE

80. These defendants reallege all of the admissions, denials and averments contained in Paragraphs 1-79 as if fully restated herein.

## FIRST DEFENSE

81. Plaintiff's Complaint fails to state a claim upon which relief may be granted in some or all respects.

## SECOND DEFENSE

82. Plaintiff's alleged damages are barred, in whole or in part, because they are the result of Plaintiff's own acts or omissions and/or the acts or omissions of others over whom these answering Defendants have no authority or control, for which these answering Defendants have no responsibility.

## THIRD DEFENSE

83. These answering Defendants are entitled to all immunities, damage limitations, damage setoffs, and other benefits conferred upon them by RC Chapter 2744 and/or Ohio common law by reason of their status as a political subdivision or employees/officials of a political subdivision of the State of Ohio.

## FOURTH DEFENSE

84. Some or all Defendants are not *sui juris* and not capable of being sued.

## FIFTH DEFENSE

85. Some or all of Plaintiff's claims are barred by the doctrine of qualified immunity.

## SIXTH DEFENSE

86. Plaintiff has failed to join necessary parties pursuant to Rule 19 of the Federal Rules of Civil Procedure.

## SEVENTH DEFENSE

87. Some of all of Plaintiff's claims are barred by the applicable statue(s) of limitations.

## EIGHTH DEFENSE

88. Insufficient process and/or insufficient service of process.

## NINTH DEFENSE

89. These answering Defendants reserve the right to assert additional affirmative defenses as the discovery process progresses.

WHEREFORE, having fully answered, Defendants pray that Plaintiff's Complaint be dismissed and that they may go hence without cost or delay.

Respectfully submitted,

*/s/ David M. Smith*_____
DAVID M. SMITH (0079400)
NICHOLAS J. HANEK (0083578)
Meyers, Roman, Friedberg & Lewis
28601 Chagrin Blvd., Ste. 600
Cleveland, Ohio 44122
(216) 831-0042
(216) 831-0542 – Fax
dsmith@meyersroman.com
nhanek@meyersroman.com

*Counsel for Defendants Lorain County and Phil Stammitti*

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2024, the foregoing Defendants' Answer to Plaintiff's Complaint was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Respectfully submitted,

*/s/ David M. Smith*  _____
DAVID M. SMITH (0079400)
NICHOLAS J. HANEK (0083578)

*Counsel for Lorain County and Phil Stammitti*