IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LUIS ANGEL ALVAREZ ROMAN, | \| | CASE NO. 1:23-CV-02348 |
| | \| | |
| Plaintiff, | \| | JUDGE PATRICIA A. GAUGHAN |
| | \| | |
| v. | \| | MAGISTRATE JUDGE JONATHAN |
| | \| | D. GREENBURG |
| CITY OF LORAIN, et al. | \| | |
| | \| | **CITY DEFENDANTS'** |
| Defendants. | \| | **AMENDED ANSWER TO** |
| | \| | **PLAINTIFF'S SECOND AMENDED** |
| v. | \| | **COMPLAINT WITH CROSS-CLAIM** |
| | \| | |
| COUNTY OF LORAIN, OHIO | \| | **(Jury Demand Endorsed Hereon)** |
| c/o David J. Moore, President | \| | |
| Lorain County Commissioners | \| | |
| 226 Middle Avenue | \| | |
| Elyria, Ohio 44035 | \| | |
| | \| | |
| Cross-Claim Defendant. | \| | |
| | \| | |

Now come Defendants City of Lorain, Ohio (hereinafter, "City"), Chief James P. McCann (hereinafter, "McCann"), Ofc. Marcus Rivera (hereinafter, "Rivera"), and Detective Christopher Colon (hereinafter, "Colon"), and collectively (hereinafter, "City Defendants"), by and through counsel, and state as their Amended Answer to Plaintiff's Second Amended Complaint with Cross-Claim, pursuant to Fed.Civ.R.P. 15(a)(1)(A), as follows:

1.      City Defendants deny the allegations contained in paragraph 1 of Plaintiff's Second Amended Complaint specifically asserted against the Lorain County, Ohio, Phil R. Stammitti, Jacob Bell, Darnell Board, William Newbury, Amon Willis, Scott Zimmerman, Stephanie Suter (hereinafter, "County Defendants") for want of information sufficient to form a belief as to the truth of the matter asserted therein. City Defendants specifically deny the remaining allegations contained in paragraph 1 of Plaintiff's Complaint.

2.      City Defendants admit that Plaintiff alleges claims under 42 U.S.C. 1983 and R.C. § 2921.45; however, City Defendants deny the remaining allegations contained in paragraph 2 of Plaintiff's Second Amended Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

3.      City Defendants admit that this Honorable Court has jurisdiction over this matter.

4.      City Defendants deny the allegations contained in paragraph 4 of Plaintiff's Second Amended Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

5.      City Defendants admit that Plaintiff is seeking declaratory relief, injunctive and equitable relief; however, City Defendants deny the remaining allegations contained in paragraph 5 of Plaintiff's Second Amended Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

6.      City Defendants deny that Plaintiff is entitled to attorney's fees and specifically deny the remaining allegations contained in paragraph 6 of Plaintiff's Second Amended Complaint.

7.      City Defendants admit that Venue in this forum is proper.

8.      City Defendants specifically deny the Plaintiff Luis Angel Alvarez Roman is a citizen of the United States, was gainfully employed under the name Luis A. Alvarez Roman, at all times material to this action resided under that name at 5903 Midnight Lane in Galloway, Ohio, more than 135 miles away from Lorain for want of information sufficient to form a belief as to the truth of the matter asserted therein. City Defendants admit that Plaintiff Luis Angel Alvarez Roman was not the individual who disrupted public services, aggravated burglary, and rape that had been allegedly committed by a man named Luis Alvarez and his family members on October 10, 2022, when they broke into the home of Luis Alvarez's ex-fiancé, C.F., in Lorain, Ohio,

assaulted and threatened C.F. and her adult daughter, sexually assaulted C.F., and stole a phone that had been in the residence. City Defendants specifically deny the remaining allegations contained in paragraph 8 of Plaintiff's Second Amended Complaint.

9.      City Defendants admit that City is a governmental entity, but specifically deny the remaining allegations contained in paragraph 9 of Plaintiff's Second Amended Complaint.

10.     City Defendants admit that McCann was, at all times material to this action, Chief of the City of Lorain Police Department; however, City Defendants specifically deny the remaining allegations contained in paragraph 10 of Plaintiff's Second Amended Complaint.

11.     City Defendants admit Defendant Lorain County, Ohio (hereinafter, "County") is a governmental entity, but specifically deny the remaining allegations contained in paragraph 11 of Plaintiff's Second Amended Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

12.     City Defendants admit that Defendant Sheriff Phil R. Stammitti was, at all times material to this action, Sheriff of Lorain County, but specifically deny the remaining allegations contained in paragraph 12 of Plaintiff's Second Amended Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

13.     City Defendants admit that Marcus Rivera was, at all times material to this action, a Patrol Officer of the City of Lorain Police Department acting under color of law, and was required to comply LPD policies, practices, and customs, as dictated by the City of Lorain and/or McCann; however, City Defendants specifically deny the remaining allegations contained in paragraph 13 of Plaintiff's Second Amended Complaint.

14.     City Defendants admit that Colon, at all times material to this action, was required to comply with LPD policies, practices, and customs, as dictated by the City of Lorain and/or

McCann; however, City Defendants specifically deny the remaining allegations contained in paragraph 14 of Plaintiff's Second Amended Complaint.

15.     City Defendants deny the allegations contained in paragraph 15 of Plaintiff's Second Amended Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

16.     City Defendants deny the allegations contained in paragraph 16 of Plaintiff's Second Amended Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

17.     City Defendants deny the allegations contained in paragraph 17 of Plaintiff's Second Amended Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

18.     City Defendants deny the allegations contained in paragraph 18 of Plaintiff's Second Amended Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

19.     City Defendants deny the allegations contained in paragraph 19 of Plaintiff's Second Amended Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

20.     City Defendants deny the allegations contained in paragraph 20 of Plaintiff's Second Amended Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

21.     City Defendants admit the allegations contained in paragraph 21 of Plaintiff's Second Amended Complaint.

22.     City Defendants admit the allegations contained in paragraph 22 of Plaintiff's Second Amended Complaint.

23.     City Defendants deny the allegations contained in paragraph 23 of Plaintiff's Second Amended Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

24.     City Defendants deny the allegations contained in paragraph 24 of Plaintiff's Second Amended Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

25.     City Defendants admit that Defendant Rivera requested a records check through Defendant County for prior domestic violence convictions, and Defendant Rivera was told by Charles Jeffrey Stanley, an employee of Defendant County, that no such prior convictions existed. City Defendants specifically deny any remaining allegations contained in paragraph 25 of Plaintiff's Second Amended Complaint.

26.     City Defendants admit the allegations contained in paragraph 26 of Plaintiff's Second Amended Complaint.

27.     City Defendants admit the allegations contained in paragraph 27 of Plaintiff's Second Amended Complaint.

28.     City Defendants admit the allegations contained in paragraph 28 of Plaintiff's Second Amended Complaint.

29.     City Defendants admit that Defendant Rivera accepted the "jacket" from Defendant County, through its employee Charles Jeffrey Stanley, identifying Plaintiff as the suspect that committed the aforementioned crimes against the aforementioned victim. Further, City Defendants admit that Defendant County, through its employee Charles Jeffrey Stanley, failed to

disclose to Defendant Rivera that Defendant County's Law Enforcement Access Data System (hereinafter, "LEADS") search produced ten potential suspects for identification confirmation, but Defendant County, through its employee Charles Jeffrey Stanley, failed to disclose such information to Defendant Rivera despite three separate variations of the name "Luis Alvarez" with three separate dates of birth formatted in a eight digit month/day/year format with the three dates of birth all being one digit different than each other. Based upon the above, City Defendants admit that Plaintiff was named as the defendant in that criminal action.

30.     City Defendants admit the allegations contained in paragraph 30 of Plaintiff's Second Amended Complaint.

31.     City Defendants admit the complaining witness provided an erroneous date of birth in an eight-digit month/day/year format to Defendant Rivera and Defendant Rivera accurately conveyed such date of birth to Defendant County, through its employee Charles Jeffrey Stanley. City Defendants specifically deny the remaining allegations contained in paragraph 31 of Plaintiff's Second Amended Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

32.     City Defendants deny the allegations contained in paragraph 32 of Plaintiff's Second Amended Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

33.     City Defendants admit that Defendant Rivera was informed by Defendant County, through its employee Charles Jeffrey Stanley, that the suspect that Charles Jeffrey Stanley had identified resided at 5903 Midnight Lane in Galloway, Ohio. City Defendants specifically deny the remaining allegations contained in paragraph 33 of Plaintiff's Second Amended Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

34.     City Defendants deny the allegations contained in paragraph 34 of Plaintiff's Second Amended Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

35.     City Defendants deny the allegations contained in paragraph 35 of Plaintiff's Second Amended Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

36.     City Defendants admit the allegations contained in paragraph 36 of Plaintiff's Second Amended Complaint.

37.     City Defendants admit the allegations contained in paragraph 37 of Plaintiff's Second Amended Complaint.

38.     City Defendants deny the allegations contained in paragraph 38 of Plaintiff's Second Amended Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

39.     City Defendants admit the allegations contained in paragraph 39 of Plaintiff's Second Amended Complaint.

40.     City Defendants deny the allegations contained in paragraph 40 of Plaintiff's Second Amended Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

41.     City Defendants deny the allegations contained in paragraph 41 of Plaintiff's Second Amended Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

42.     City Defendants admit that Defendant Colon conducted a follow-up investigation, interviewed witnesses, and concluded a rape charge against Luis Alvarez, but not a Luis Alverez as indicated in paragraph 42 of Plaintiff's Second Amended Complaint.

43.     City Defendants admit that Defendant Colon recommended to the City's Municipal Prosecutor that the rape charge be brought against Luis Alvarez, but not a Luis Alverez as indicated in paragraph 43 of Plaintiff's Second Amended Complaint.

44.     City and Colon admit the allegations contained in paragraph 44 of Plaintiff's Second Amended Complaint; however, McCann and Rivera specifically deny the allegations contained in paragraph 44 of Plaintiff's Second Amended Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

45.     City Defendants deny the allegations contained in paragraph 45 of Plaintiff's Second Amended Complaint.

46.     City Defendants deny the allegations contained in paragraph 46 of Plaintiff's Second Amended Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

47.     Colon admits the allegations contained in paragraph 47 of Plaintiff's Second Amended Complaint; however, City, McCann, and Rivera specifically deny the allegations contained in paragraph 42 of Plaintiff's Second Amended Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

48.     City Defendants deny the allegations contained in paragraph 48 of Plaintiff's Second Amended Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

49.     City Defendants deny the allegations contained in paragraph 49 of Plaintiff's Second Amended Complaint.

50.     City Defendants deny the allegations contained in paragraph 50 of Plaintiff's Second Amended Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

51.     City Defendants deny the allegations contained in paragraph 51 of Plaintiff's Second Amended Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

52.     City Defendants deny the allegations contained in paragraph 52 of Plaintiff's Second Amended Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

53.     City Defendants deny the allegations contained in paragraph 53 of Plaintiff's Second Amended Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

54.     City Defendants deny the allegations contained in paragraph 54 of Plaintiff's Second Amended Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

55.     City Defendants deny the allegations contained in paragraph 55 of Plaintiff's Second Amended Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

56.     City admits the allegations contained in paragraph 51 of Plaintiff's Second Amended Complaint; however, McCann, Colon, and Rivera specifically deny the allegations contained in

paragraph 51 of Plaintiff's Second Amended Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

57.     City Defendants deny the allegations contained in paragraph 57 of Plaintiff's Second Amended Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

58.     City admits the allegations contained in paragraph 58 of Plaintiff's Second Amended Complaint; however, McCann, Colon, and Rivera specifically deny the allegations contained in paragraph 51 of Plaintiff's Second Amended Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

59.     City Defendants admit that Plaintiff was incarcerated for nine days and that Plaintiff, in fact, shares a common last name of Hispanic origin with the preparator of the alleged criminal offenses. Further, that Plaintiff appears to have not raised the issue of mistaken identity, whether through his own action or actions of his attorneys, to the various courts in which he appeared. Additionally, that Plaintiff did waive his right to a preliminary hearing, thus stipulating to probable cause, in exchange for a bond reduction, which he was able to pay. City Defendants specifically admit that City Defendants did not make any determinations regarding mistaken identity during the nine days alleged in Plaintiff's Second Amended Complaint, as City Defendants were not notified of such issue and had no reason to suspect such an issue. Further, City Defendants assert that they would be prohibited from speaking directly with Plaintiff once Plaintiff hired Attorney Billy Husher, Jr.

60.     City Defendants deny the allegations contained in paragraph 60 of Plaintiff's Second Amended Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

61.     City Defendants deny the allegations contained in paragraph 61 of Plaintiff's Second Amended Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

62.     City Defendants deny the allegations contained in paragraph 62 of Plaintiff's Second Amended Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

63.     City Defendants deny the allegations contained in paragraph 63 of Plaintiff's Second Amended Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

64.     City Defendants deny the allegations contained in paragraph 64 of Plaintiff's Second Amended Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

65.     City Defendants deny the allegations contained in paragraph 65 of Plaintiff's Second Amended Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

66.     City Defendants deny the allegations contained in paragraph 66 of Plaintiff's Second Amended Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

67.     City Defendants deny the allegations contained in paragraph 67 of Plaintiff's Second Amended Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

68.     City Defendants deny the allegations contained in paragraph 68 of Plaintiff's Second
Amended Complaint for want of information sufficient to form a belief as to the truth of the
matter asserted therein.

69.     City Defendants deny the allegations contained in paragraph 69 of Plaintiff's Second
Amended Complaint for want of information sufficient to form a belief as to the truth of the
matter asserted therein.

70.     City Defendants deny the allegations contained in paragraph 70 of Plaintiff's Second
Amended Complaint for want of information sufficient to form a belief as to the truth of the
matter asserted therein.

71.     City Defendants deny the allegations contained in paragraph 71 of Plaintiff's Second
Amended Complaint for want of information sufficient to form a belief as to the truth of the
matter asserted therein.

72.     City Defendants deny the allegations contained in paragraph 72 of Plaintiff's Second
Amended Complaint for want of information sufficient to form a belief as to the truth of the
matter asserted therein.

73.     City Defendants deny the allegations contained in paragraph 73 of Plaintiff's Second
Amended Complaint for want of information sufficient to form a belief as to the truth of the
matter asserted therein.

74.     City Defendants state that City Defendants were never contacted by County Defendants
never contacted City Defendants regarding Plaintiff's statements regarding misidentification.
City Defendants deny the remaining allegations contained in paragraph 73 of Plaintiff's Second
Amended Complaint for want of information sufficient to form a belief as to the truth of the
matter asserted therein.

75.     Colon admits the allegations contained in paragraph 75 of Plaintiff's Second Amended
Complaint; however, City, McCann, and Rivera denies the allegations contained in paragraph 75
of Plaintiff's Second Amended Complaint for want of information sufficient to form a belief as
to the truth of the matter asserted therein.

76.     Colon admits the allegations contained in paragraph 76 of Plaintiff's Second Amended
Complaint; however, City, McCann, and Rivera denies the allegations contained in paragraph 76
of Plaintiff's Second Amended Complaint for want of information sufficient to form a belief as
to the truth of the matter asserted therein.

77.     Colon admits the allegations contained in paragraph 77 of Plaintiff's Second Amended
Complaint; however, City, McCann and Rivera denies the allegations contained in paragraph 77
of Plaintiff's Second Amended Complaint for want of information sufficient to form a belief as
to the truth of the matter asserted therein.

78.     City Defendants state that at the time in which Defendant County identified Plaintiff as
the suspect of the crimes through LEADS, neither City Defendants nor County Defendants
possessed a photograph of Plaintiff, or any other identifying information other than name and
date of birth. Further, Colon admits the remaining allegations contained in paragraph 78 of
Plaintiff's Second Amended Complaint; however, City, McCann, and Rivera deny the
allegations contained in paragraph 78 of Plaintiff's Second Amended Complaint for want of
information sufficient to form a belief as to the truth of the matter asserted therein.

79.     Colon admits the allegations contained in paragraph 79 of Plaintiff's Second Amended
Complaint; however, City, McCann, and Rivera deny the allegations contained in paragraph 79
of Plaintiff's Second Amended Complaint for want of information sufficient to form a belief as
to the truth of the matter asserted therein.

80.     Colon admits the allegations contained in paragraph 80 of Plaintiff's Second Amended Complaint; however, City, McCann, and Rivera deny the allegations contained in paragraph 80 of Plaintiff's Second Amended Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

81.     Colon denies that he has any role in the process of dismissing criminal charges. City Defendants deny the remaining allegations contained in paragraph 81 of Plaintiff's Second Amended Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

82.     City Defendants admit that, prior to December 28, 2022, they did not take additional steps to confirm the identity of the alleged perpetrator of the crimes alleged as they were never notified of a potential mistaken identity and no additional information was available. At the time of Rivera communicating with Defendant County, through its employee Charles Jeffrey Stanley, for the purpose of identifying the suspect of the alleged crimes, Defendant County through its employee Charles Jeffrey Stanley provided information on Plaintiff rather than the true perpetrator of the alleged crimes. Defendant County through its employee Charles Jeffrey Stanley inserted the name and date of birth that Defendant Rivera conveyed, the search resulted in ten potential suspects, three of which had some variation of the name of Luis Alvarez with all three having dates of birth in a eight digit month/day/year format with a mere single number difference between each of them, and then Defendant County, through its employee Charles Jeffrey Stanley, selected the Plaintiff as the suspect of the alleged crimes without ever disclosing to City Defendants of the other potential suspects listed on LEADS or providing any additional information to Defendant Rivera for further investigation. At that time, no photographs or other identifying information of the suspects were available in LEADS. City Defendants specifically

deny any remaining allegations contained in paragraph 82 of Plaintiff's Second Amended Complaint.

83.     City Defendants deny the allegations contained in paragraph 83 of Plaintiff's Second Amended Complaint. On or about December 22, 2022, Plaintiff, while represented by counsel, waived his right to a preliminary hearing, thus, stipulating to probable cause.

84.     City Defendants deny the allegations specifically made against them in paragraph 84 of Plaintiff's Second Amended Complaint. City Defendants were never apprised of an alleged mistaken identity–Colon only learned of such an issue on December 28, 2022 and immediately took action. City Defendants deny the remaining allegations contained in paragraph 84 of Plaintiff's Second Amended Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

85.     City Defendants deny the allegations contained in paragraph 85 of Plaintiff's Second Amended Complaint.

86.     City Defendants deny the allegations contained in paragraph 86 of Plaintiff's Second Amended Complaint.

*As to Count I*

87.     City Defendants admit and/or deny the allegations incorporated by reference in paragraphs 1 through 87 of Plaintiff's Second Amended Complaint as such allegations are admitted and/or denied in paragraphs 1 through 87 of its Answer as if fully rewritten herein.

88.     City Defendants deny the allegations contained in paragraph 88 of Plaintiff's Second Amended Complaint.

89.     City Defendants deny the allegations contained in paragraph 89 of Plaintiff's Second Amended Complaint.

***As to Count II***

90.     City Defendants admit and/or deny the allegations incorporated by reference in paragraphs 1 through 90 of Plaintiff's Second Amended Complaint as such allegations are admitted and/or denied in paragraphs 1 through 90 of its Answer as if fully rewritten herein.

91.     City Defendants deny the allegations contained in paragraph 91 of Plaintiff's Second Amended Complaint.

92.     City Defendants deny the allegations contained in paragraph 92 of Plaintiff's Second Amended Complaint.

***As to Count III***

93.     City Defendants admit and/or deny the allegations incorporated by reference in paragraphs 1 through 93 of Plaintiff's Second Amended Complaint as such allegations are admitted and/or denied in paragraphs 1 through 93 of its Answer as if fully rewritten herein.

94.     City Defendants deny the allegations contained in paragraph 94 of Plaintiff's Second Amended Complaint.

95.     City Defendants deny the allegations contained in paragraph 95 of Plaintiff's Second Amended Complaint.

***As to Count IV***

96.     City Defendants admit and/or deny the allegations incorporated by reference in paragraphs 1 through 96 of Plaintiff's Second Amended Complaint as such allegations are admitted and/or denied in paragraphs 1 through 96 of its Answer as if fully rewritten herein.

97.     City Defendants deny the allegations contained in paragraph 97 of Plaintiff's Second Amended Complaint.

**AFFIRMATIVE DEFENSES**

1.      City Defendants state that Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(B)(6).

2.      City Defendants state that Plaintiff's Second Amended Complaint, in whole or in part, is barred by qualified immunity.

3.      City Defendants state that Plaintiff's Second Amended Complaint, in whole or in part, is barred by governmental immunity, pursuant to R.C. § 2744, et seq.

4.      City Defendants state that Plaintiff's Second Amended Complaint fails to join a necessary party pursuant to Fed. R. Civ. P. 12(B)(7).

5.      Plaintiff's claims are barred, in whole or in part, by his own comparative fault, contributory negligence, assumptions of the risk, and/or wrongful conduct.

6.      City Defendants reserve the right to assert such additional defenses, including but not limited to affirmative defenses as may be applicable to Plaintiff's claims based upon facts discovered in the prosecution of this cause.

**Cross-Claim Against Co-Defendant and Cross-Claim Defendant County**

Now demand City Defendants, by and through counsel, and for City Defendants Cross-Claim against Cross-Claim Defendant Lorain County (hereinafter, "Cross-Claim Defendant County") state as follows:

1. For purposes of the Cross-Claim only, City Defendants incorporate the allegations in Plaintiff's Second Amended Complaint for the sole purpose of setting forth the basis of this Cross-Claim and without intending to admit or adopt any of the allegations set forth therein.

2. City Defendants incorporate herein for purposes of the Cross-Claim its foregoing Answer

and defenses to the Plaintiff's Second Amended Complaint.

3.  Any injuries or damages sustained by Plaintiff were solely and proximately caused by the willful, wanton, and reckless conduct of Defendant County. By reasons thereof, City Defendants are entitled to indemnification, subrogation, and/or contribution from Cross-Claim Defendant County as to any liability, which is denied, which may be found as to City Defendants, including the amount of any settlement, costs, fees, and expenses in the within action.

4.  Any injuries or damages sustained by Plaintiff was caused by the willful, wanton, and reckless conduct of Cross-Claim Defendant County. By reasons thereof, City Defendants are entitled to indemnification, subrogation, and/or contribution from Cross-Claim Defendant County as to any liability, which is denied, which may be found as to City Defendants, including the amount of any settlement, costs, fees, and expenses in the within action.

## **Prayer for Relief**

**WHEREFORE**, City Defendants pray that Plaintiff's Second Amended Complaint be dismissed, and that it goes hence without cost or delay. Further, if City Defendants are found to be liable to Plaintiff, which is specifically denied, then City Defendants pray that this Court award subrogation, indemnity, and/or contribution as well as any other relief as this Court may deem appropriate from Cross-Claim Defendant County.

Respectfully submitted,


/s/ Joseph T. LaVeck_____
Patrick D. Riley, Esq (0006642)
City of Lorain Law Director
Joseph T. LaVeck, Esq (0092326)
Chief Assistant Law Director &
Police Legal Advisor
200 West Erie Ave., 3rd floor
Lorain, Ohio 44052
T: (440) 204-2250
F: (440) 204-2257
E: joseph_laveck@cityoflorain.org

*Counsel for City Defendants*

## **JURY DEMAND**

A trial by jury before the maximum number of jurors allowed by law is hereby

demanded.

<div style="margin-left: 50%;">

Respectfully submitted,

/s/ Joseph T. LaVeck_____
Patrick D. Riley, Esq (0006642)
City of Lorain Law Director
Joseph T. LaVeck, Esq (0092326)
Chief Assistant Law Director &
Police Legal Advisor
200 West Erie Ave., 3rd floor
Lorain, Ohio 44052
T: (440) 204-2250
F: (440) 204-2257
E: joseph_laveck@cityoflorain.org

*Counsel for City Defendants*

</div>

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 1st day of October 2024, a copy of the foregoing City Defendant's Answer to Plaintiff's Second Amended Complaint with Cross-Claim was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

Respectfully submitted,

/s/ Joseph T. LaVeck_____
Patrick D. Riley, Esq (0006642)
City of Lorain Law Director
Joseph T. LaVeck, Esq (0092326)
Chief Assistant Law Director &
Police Legal Advisor
200 West Erie Ave., 3rd floor
Lorain, Ohio 44052
T: (440) 204-2250
F: (440) 204-2257
E: joseph_laveck@cityoflorain.org

*Counsel for City Defendants*